UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD J. POTTER,

                Plaintiff,

-against-

PORT JERVIS POLICE DEPARTMENT;
SERGEANT SEAN EGAN; SERGEANT
DETECTIVE MICHALE MYERS; PTL
OFFICER CHRISTOPHER MEEHAN; PTL
OFFICER ANDREW HANIUK,

                Defendants.

21-CV-1794 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in Riverview Correctional Facility, brings this action *pro se*. Plaintiff requested to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"), and by order dated April 9, 2021, the Court granted Plaintiff's request to proceed IFP. (ECF No. 6.) A subsequent review of Plaintiff's litigation history, however, revealed that Plaintiff has filed three civil actions, while a prisoner, and those actions were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

      By order dated June 15, 2021, the Court, in *Potter v. People of the State of New York*, ECF 1:21-CV-5109, 4 (S.D.N.Y. June 15, 2021) (listing strikes), ordered Plaintiff to show cause why he should not be barred under the "three-strikes" rule of the Prison Litigation Reform Act (PLRA).[1] That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

---

[1] The cases that the Court determined were strikes were all filed and decided before Plaintiff filed this action.

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff filed a declaration in response to the Court's June 15, 2021 order, but the declaration did not provide sufficient reason not to impose the bar. By order dated July 26, 2021, the Court therefore barred Plaintiff under 28 U.S.C. § 1915(g) from filing any civil action while he is a prisoner unless he is under imminent danger of serious physical injury. *Id.* at ECF No. 6.

The complaint in this action does not show that Plaintiff is in imminent danger of serious physical injury.[2] Instead, he again challenges his October 20, 2018 arrest and subsequent conviction. Plaintiff is therefore barred from filing this action IFP. The Court therefore vacates its April 9, 2021 order (ECF No. 6) that granted Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3]

## CONCLUSION

The Court vacates the order granting Plaintiff's request to proceed IFP (ECF No. 6) and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[4] *Id.*

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 12, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge